McCORD, Judge
(specially concurring).
I agree with the conclusion of the foregoing opinion, and I, too, do not believe the Legislature intended by the statute (Chapter 110, Florida Statutes) to make a rubber stamp of this court to approve whatever action the Career Service Commission might take in reinstating an employee who has been discharged by the employer for committing an act for which the penalty approved by the Department of Administration is discharge. It is my view, however, that the intent and proper construction of the statute is that if, from the evidence presented at the hearing before the Career Service Commission, the Commission finds (based upon competent substantial evidence) that the employee committed the act or acts with which he was charged and that the penalty assessed by the employer was a penalty prescribed or approved by the Department of Administration for one who commits such act, and there were no extenuating circumstances shown by competent substantial evidence which justified his act, the Career Service Commission has no choice other than to affirm the action of the employer. Should it not do so, its action of nonaf-firmance would not be based upon competent substantial evidence.
If, on the other hand, the Career Service Commission finds (based upon competent substantial evidence) that the employee was not guilty of the act charged against him or was guilty but there were extenuating circumstances which justified same, then under the statute it may reinstate the employee either with or without back pay.
If we took the view that the statute means that the Career Service Commission may in its sole discretion reinstate the employee with or without back pay, there would be no meaning or purpose to a review by this court. If the Legislature intends such, it should so state and make the Career Service Commission the final appellate body whose action is not subject to further appellate review as suggested by the foregoing opinion.
In the case sub judice, petitioner took and gave University property to a fellow employee. He undeniably committed the *777 act and his employer, the University of Florida, discharged him. The evidence shows no extenuating circumstances justifying his act. Thus, there is no competent substantial evidence to support the action of the Career Service Commission in reinstating petitioner.